```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|                                      |   |                              |
|--------------------------------------|---|------------------------------|
| DONALD WARD,                         | : | Hon. Noel L. Hillman         |
|                       Petitioner,    | : | Civil No. 15-8170 (NLH)      |
|             v.                       | : |                              |
|                                      | : | OPINION                      |
| J. HOLLINGSWORTH,                    | : |                              |
|                       Respondent.    | : |                              |

APPEARANCES:

    DONALD WARD, #21207-001
    FCI Fort Dix
    P.O. Box 2000
    Fort Dix, NJ 08640
        *Petitioner Pro Se*

    CAROLINE A. SADLOWSKI, ASSISTANT UNITED STATES ATTORNEY
    PAUL J. FISHMAN, UNITED STATES ATTORNEY
    970 Broad Street, Suite 700
    Newark, NJ 07102
        *Attorney for Respondent*

HILLMAN, District Judge:

    Proceeding pro se, Donald Ward filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the Bureau of Prison's ("BOP") Program Statement that denies him eligibility to participate in the Residential Drug Abuse Program ("RDAP") and an early release incentive available for successful

completion of the program.  In a final administrative decision, the BOP found Petitioner ineligible because there was no documentation or verification of a history of substance abuse within the 12 months preceding his arrest in October 2010. Petitioner claims that the 12-month policy is an unreasonable interpretation of the federal statute, i.e., 18 U.S.C. § 3621(b) and (e)(1).  The BOP filed an Answer, together with two declarations and several exhibits, and argues that Petitioner's challenge is not subject to judicial review under the Administrative Procedure Act, the 12-month limitation is reasonable, and the BOP did not otherwise abuse its discretion. After reviewing the arguments of the parties, the Court finds that the 12-month policy is not an unreasonable interpretation of the governing statute and will dismiss the Petition.

I.   BACKGROUND

Petitioner challenges the BOP's decision that he is not eligible to participate in the RDAP and for an early release incentive.  See 18 U.S.C. § 3621(b) and (e).  Petitioner is serving a 90-month term of imprisonment imposed by U.S. District Judge Richard J. Sullivan on September 20, 2011, after he pled guilty to distribution and possession with intent to distribute

controlled substances in violation of 21 U.S.C. § 841(a)(1). See United States v. Ward, Crim. No. 11-0260 (RJS) (S.D.N.Y. filed Mar. 21, 2011). Petitioner's projected release date, with good conduct time, is December 13, 2017.

On March 16, 2015, Petitioner submitted a Request for Administrative Remedy to FCI Fort Dix Warden Hollingsworth challenging the drug coordinator's decision that he was ineligible for the RDAP. On April 29, 2015, Warden Hollingsworth issued a decision finding that Petitioner did not meet the eligibility criteria for admission to the RDAP and that he was, therefore, not eligible for the early release incentive under 18 U.S.C. § 3621(e). Warden Hollingsworth found that he was not eligible because there was no documentation to show that Petitioner had a substance use disorder within the 12-month period prior to his arrest, i.e., between October 19, 2009, and October 19, 2010. The Warden informed Petitioner that, if he obtained documentation of a substance abuse problem during this time frame, he could forward it to the Drug Abuse Program Coordinator and request reconsideration.

Petitioner timely appealed to the Regional Director, arguing that his Presentence Report states that in 1995 Petitioner was caught smoking a marijuana cigarette and that he

3

did not receive drug abuse treatment since 1995. On June 16, 2015, Regional Director J.L. Norwood denied the appeal in a written decision. Petitioner timely appealed to the Central Office, which denied relief by failing to issue a decision within the time set forth in the regulations governing the BOP's Administrative Remedy Program. See 28 C.F.R. § 542.18 ("If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level.")[1]

The Clerk received and filed the § 2241 Petition presently before the Court on November 19, 2015.[2] Petitioner contends that he is eligible for the RDAP and early release incentive because his history of drug abuse is documented in his Presentence Report and the judgment of conviction, and that the BOP improperly limited the relevant period of a history of drug abuse to the 12 months preceding arrest. The government argues that the BOP's eligibility determination is not subject to judicial review under the Administrative Procedure Act, the BOP's 12-month policy for eligibility is a reasonable

---

[1] Appeal to the Central Office is the final administrative appeal. See 28 C.F.R. § 542.15(a).

[2] Petitioner did not date the Petition.

4

interpretation of 18 U.S.C. § 3621, and the BOP did not abuse its discretion in determining his eligibility.

## II.  DISCUSSION

A.  <u>Jurisdiction</u>

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied:  (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); <u>Maleng v. Cook</u>, 490 U.S. 488, 490 (1989).  "Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." <u>Coady v. Vaughn</u>, 251 F.3d 480, 485-486 (3d Cir. 2001).  This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Petitioner was incarcerated in New Jersey when he filed the Petition and he challenges the BOP's final decision that he is not eligible for an early release incentive on federal grounds.  See <u>Burkey v.</u>

5

Marberry, 556 F.3d 142, 146 (3d Cir. 2009); Woodall v. Fed. Bureau of Prisons, 432 F. 3d 235, 241-44 (3d Cir. 2005); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1991).

B.   Relevant Statutes, Regulations and Program Statement

Federal law provides that the BOP "shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b)(5).  As an incentive for prisoners to participate, the statute gives the BOP the discretion to reduce the term of imprisonment by up to one year of a prisoner convicted of a nonviolent offense who successfully completes the RDAP. See 18 U.S.C. § 3621(e)(2).[3]  The statute

---

[3] Section 3621(e) provides in relevant part:

(e) Substance abuse treatment.

(1) Phase-in.–In order to carry out the requirement of the last sentence of subsection (b) of this section, that every prisoner with a substance abuse problem have the opportunity to participate in appropriate substance abuse treatment, the Bureau of Prisons shall . . . provide residential substance abuse treatment (and make arrangements for appropriate aftercare) . . . for all eligible prisoners . . . based on an eligible prisoner's proximity to release date.

(2) Incentive for prisoners' successful completion of treatment program.

6

defines "eligible prisoner" as "a prisoner who is – (i) determined by the Bureau of Prisons to have a substance abuse problem; and (ii) willing to participate in a residential substance abuse treatment program." 18 U.S.C. § 3621(e)(5)(B).

Regulations adopted by the BOP provide that inmates must meet the following criteria to be admitted into the RDAP: "(1) Inmates must have a verifiable substance use disorder;" (2) "Inmates must sign an agreement acknowledging program responsibility;" and (3) "When beginning the program, the inmate must be able to complete all three components described in paragraph (a) of this section." 28 C.F.R. § 550.53(b).

Neither the statute nor the regulation defines "verifiable substance use disorder." The BOP promulgated Program Statement

---

> (A) Generally. Any prisoner who, in the judgment of the Director of the Bureau of Prisons, has successfully completed a program of residential substance abuse treatment provided under paragraph (1) of this subsection, shall remain in the custody of the Bureau under such conditions as the Bureau deems appropriate . . .
>
> (B) Period of custody. The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(1)(C), (e)(2).

7

5300.11 to implement the statute and regulation.  Section 2.5.8(d)(2) of Program Statement 5300.11 states that, to determine eligibility for the RDAP, the drug treatment specialist "will review an inmate's Central File and other collateral sources of documentation to determine" if:  (1) there is sufficient time remaining on the inmate's sentence, ordinarily 24 months; (2) there is documentation available to verify the inmate's use of specific drugs, including alcohol; (3) there is "verification that can establish a pattern of substance abuse or dependence;" (4) there has been consultation with the Education Department; and (5) the inmate can complete all of the components of the RDAP.  BOP Program Statement 5300.11, § 2.5.8(d)(2).

    The Program Statement explains that the BOP may verify the inmate's substance abuse by reviewing documentation "to support a substance use disorder within the 12-month period before the inmate's arrest on his or her current offense[.]" Id.  In addition, the Program Statement requires that "[a]ny verifying documentation of alcohol or other drug use must indicate problematic use; i.e., consistent with the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Health

8

Disorders (DSM) criteria." Id.[4]  The Program Statement further states that, in the event that there is no verifying documentation in the inmate's Presentence Report or other official documentation in the Central File, then the drug treatment specialist must meet with the inmate and inform him or her of the absence of verifying documentation and that he or she may "volunteer for the non-residential drug abuse program," "may seek documentation," may sign a consent form allowing the drug treatment staff to receive the results of an examination of track marks, abscesses, or other physical proof of substance abuse, or may sign a consent form allowing drug treatment staff to review any record of substance detoxification upon entry into custody. Id.

---

[4] The American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders ("DSM-IV") defines substance dependence as "[a] maladaptive pattern of substance use, leading to clinically significant impairment or distress, as manifested by three (or more) of [specified criteria], occurring at any time in the same 12-month period[.]"  DSM IV Substance Dependence Criteria, http://faculty.college-prep.org/~ayize/Nyimtes/dsmdepend.htm (Sept. 20, 2016); see also Mora-Meraz v. Thomas, 601 F.3d 933, 936 (9th Cir. 2010). "Because the first 12 months following Dependence is a time of particularly high risk for relapse, this period is designated Early Remission. After 12 months of early Remission have passed without relapse to Dependence, the person enters into Sustained Remission." Mora-Meraz, 601 F.3d at 937 (quoting DSM-IV Substance Dependence Criteria).

C.   Analysis

In this case, the final decision of the BOP found that Petitioner was not eligible for the RDAP because there was no documentation that Petitioner had a pattern of substance abuse or dependence within the 12-month period preceding his arrest on October 19, 2010.  Specifically, the Regional Director found:

> A review of your appeal reveals your [Presentence Report] does not establish a pattern of substance use in the 12-month period prior to your arrest for the instant offense, which would indicate problematic use consistent with DSM Criteria.  Specifically, it states you have maintained sobriety since 1994.  In your appeal, you note that line 42 of your PSR indicates you were observed smoking Marijuana in 1996.  This also does not establish a pattern of problematic use in the 12-month period before your arrest for the instant offense, as you were arrested for the instant offense in 2010.

(ECF No. 3-9 at 3.)

Petitioner argues that he has a history of substance abuse, which was noted in his Presentence Report and his judgment of conviction.  He refers to that section of the Presentence Report entitled "Drug Risk Analysis," which, according to Petitioner, states that "during the presentence interview, the defendant admitted to a history of drug abuse.  Accordingly, we believe he is at high risk to use illicit substances in the future and a special condition of drug treatment is appropriate." (ECF No. 5 at 2.)  He also cites the judgment of conviction, wherein U.S.

10

District Court Judge Richard J. Sullivan "recommend[ed] that the defendant be designated to a facility where he may be enrolled in the 500-hour Residential Drug Assistance Program." (ECF No. 20 at 2.)  As the Presentence Report and the judgment of conviction do not document substance abuse during the 12-month window, Petitioner challenges the BOP's eligibility criterion which requires documentation of a substance abuse problem within the 12 months preceding the inmate's arrest.  Specifically, he argues that "the BOP fails to recognize and respect the fact that a history of substance abuse cannot be captured in a 12 month snapshot."  (ECF No. 5 at 5.)

   Relying on 18 U.S.C. § 3625, the government argues that the BOP's determination as to Petitioner's eligibility for the RDAP is not subject to judicial review.  Section 3625 provides that certain provisions of the Administrative Procedure Act, i.e., 5 U.S.C §§ 554, 555, and 701-706, "do not apply to the making of any determination, decision, or order under this subchapter."  28 U.S.C. § 3625.  However, Petitioner did not designate his claim as a claim under an Administrative Procedure Act[5] and the

---

[5] See, e.g., Murray v. Bledsoe, 650 F.3d 246, 247 n.1 (3d Cir. 2011) (noting that Murray styled his petition as a challenge to the BOP's decision under the Administrative Procedure Act, but the action would most accurately classified as a civil rights action under Bivens v. Six Unknown named Agents of Fed. Bureau

11

Court construes his argument liberally as a challenge to the BOP's 12-month window eligibility requirement rather than a challenge under the Administrative Procedure Act. See Standifer v. Ledezma, 653 F.3d 1276, 1279 n.3 (10th Cir. 2011) ("Although § 3625 may preclude us from reviewing the BOP's substantive decision in [Standifer's] case, it does not prevent us from interpreting the statute to determine whether the BOP exceeded its statutory authority.") (citation and internal quotation marks omitted).

Because the BOP's 12-month window requirement is set forth in a program statement, it is "entitled to some deference ... [so long as] it is a permissible construction of the statute." Reno v. Koray, 515 U.S. 50, 61 (1995)(internal quotation marks and citations omitted); accord Roussos v. Menifee, 122 F.3d 159, 163 (3d Cir. 1997).

Section 3621(b) charges the BOP with determining whether a prisoner "has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b).[6]  The applicable regulation

---

of Narcotics, 403 U.S. 388 (1971)).

[6] See also 18 U.S.C. 3621(e)(5)(B(i) ("[T]he term 'eligible prisoner' means a prisoner who is – (i) determined by the Bureau of Prisons to have a substance abuse problem; and (ii) willing to participate in a residential substance abuse treatment program").

12

specifies that "[i]nmates must have a verifiable substance use disorder" to be admitted into the RDAP. 28 C.F.R. § 550.53(b)(1). The statute's use of the present tense "reflects Congress's intention that RDAP be made available only to prisoners with *current* drug abuse problems." Standifer, 653 F.3d at 1279. "Without documented proof that an inmate has used an offending drug within twelve months prior to incarceration, it is reasonable to infer that the inmate is no longer dependent or an abuser." Mora-Meraz v. Thomas, 601 F.3d 933, 942 (9th Cir. 2010). The BOP's interpretation, which limits eligibility for the RDAP to inmates with a documented drug abuse problem within 12-month period preceding arrest, is a reasonable interpretation of the statute and is, therefore, entitled to deference. See Standifer, 653 F.3d at 1279-80 (holding that the BOP's 12-month policy "– which limits RDAP to inmates with current or recent drug-abuse problems – is reasonable, infringes no constitutional right, and merits deference."); Mora-Meraz, 601 F.3d at 942 (holding that "there exists a reasonable basis for the Bureau's decision to adhere to the DSM-IV's twelve-month rule and a reasonable basis for the Bureau to apply that rule to require documented use of a drug within the twelve months prior to incarceration.").

Because the BOP found that Petitioner was not eligible for the RDAP because there was no documentation of a substance abuse problem within 12 months preceding his arrest on October 10, 2010, because Petitioner does not contend that such documentation was presented to the BOP, and because this 12-month policy is a reasonable interpretation of 18 U.S.C. § 3621(b) and (e), Petitioner is not entitled to habeas relief and the Court will dismiss the Petition.

### III. CONCLUSION

To summarize, Petitioner has not shown that the BOP unreasonably applied 18 U.S.C. § 3621(b) or (e) when it determined that he is not eligible for the RDAP because there was no documentation of a substance abuse problem within the 12-month period preceding his arrest. The Court will dismiss the Petition for a writ of habeas corpus. An appropriate Order accompanies this Opinion.

s/Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

Dated: September 21, 2016

At Camden, New Jersey